IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VICTORIA K KORDA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAII,  KAUAII PUBLIC DEFENDERS,  KAUAI CIRCUIT COURT,  KAUAI COUNTY HOUSING AUTHORITY,  UNEMPLOYMENT LABOR DIVISION OF HAWAII,  HAWAII STATE HOSPITAL,  KAUAII POLICE DEPT,<br><br>　　　　Defendants. | CIV. NO. 22-00369 HG-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPICATION TO PROCEED IN FORMA PAUPERIS |

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT
AND DENY APPICATION TO PROCEED IN FORMA PAUPERIS**

On August 9, 2022, Plaintiff Victoria K Kord ("Plaintiff") filed a Complaint for Violation of Civil Rights ("Complaint").  ECF No. 1.  Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed on August 9, 2022 ("Application").  ECF No. 2.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

After careful review of the Application, Complaint and applicable law, the Court **FINDS** that the Complaint fails to state a claim and **RECOMMENDS** the Complaint be **DISMISSED WITHOUT PREJUDICE**. The Court further **RECOMMENDS** that the Application be **DENIED WITHOUT PREJUDICE**.

## DISCUSSION

Plaintiff is proceeding pro se and seeks the Court's approval to proceed in forma pauperis. The Court is required to construe the pleadings of pro se litigants liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). When a plaintiff seeks to proceed in forma pauperis, the Court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e). A court may deny the Application at the outset and dismiss the Complaint if it determines from the face of the Complaint that:

(A)  The allegation of poverty is untrue; or

(B)  The action or appeal--

    (i)   is frivolous or malicious;

    (ii)  fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  While screening the Complaint, the Court must accept as true the allegations in the Complaint.  *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted).

    A. <u>The Complaint Fails to State a Claim on which Relief May be Granted</u>

The Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  When determining whether a Complaint fails to state a claim, the Court must apply Federal Rule of Civil Procedure (Fed. R. Civ. P.) 8's pleading standard the same way the Court applies the standard in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").  Fed. R. Civ. P. 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must "give fair notice and state the elements of the claim plainly and succinctly."  *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).  "The Federal Rules require that averments 'be simple, concise and direct.'"  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Fed. R. Civ. P. 8 does not demand detailed factual allegations. Nevertheless, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Complaint alleges a civil rights violation pursuant to 42 U.S.C. § 1983 and a Bivens claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution and laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint alleges that Plaintiff's federal constitutional or statutory "rights [sic] to clean safe environment health safty [sic]. immoral standerd [sic] religious immoral conduct" are being violated by state of local officials. ECF No. 1 at PageID #: 5. The Complaint alleges the following factual support as to how the defendants it names acted under color of state or local law: "Witheld [sic]

information Refusal to report not of good faith immoral conduct fourteenth amendment." *Id.* The Complaint also alleges, "Victoria Korda negleted [sic] by State of Hawaii Hawaii [sic] did not report wich [sic] led to Government kiddnaping [sic] Victoria was Held Hostege 10/1/2021 at State hospital victimized crime Government Tamperase [sic] Victoria did not recive [sic] Paitiant [sic] rights handbook neglected by the State due to refusal improper charges." *Id.* at 6.

Even construing the Complaint liberally, the rights named by Plaintiff are not federal constitutional or statutory rights. Further, the information provided is generalized and vague. It is not clear exactly what specific acts are being alleged, which defendant committed which alleged acts, and how these acts, as it pertains to each defendant, was done under color of state or local law. Based on the lack of information in the Complaint,[1] the Court cannot find that the Complaint states in a sufficient factual manner a claim to relief under § 1983 that is plausible on its face. Accordingly, the Court recommends that the Complaint be dismissed.

To state a Bivens claim, the Plaintiff must show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Quintero Perez v. United States*, 8 F.4th 1095, 1105 (9th Cir. 2021)

---

[1] The Complaint also refers to an arbitrator, which indicates that the Plaintiff may be confused about the litigation process. *See* ECF No. 1 at PageID #: 4 & 7. However, the Court liberally construed the Complaint without regard to the references to an arbitrator because it has no bearing on whether the Complaint fails to state a claim on which relief may be granted.

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). In support of the Bivens claim, the Complaint alleges the same facts recited in its § 1983 claim and also alleges "neglection to report 5th amendment 6 amendment 1st amendment 14 Fourteenth Amendment 11 Eleventh Amendment 27 twenty seventh Amendment." ECF No. 1 at PageID #: 5. Similar to Plaintiff's § 1983 claim, the Complaint does not allege any supporting facts regarding which official defendant committed what particular actions that violated the constitution. The Complaint also fails to allege any supporting facts showing that any such Constitutional violations were made through the official's own actions. The Court there cannot find that the Complaint states a Bivens claim that is plausible on its face and recommends that the Complaint be dismissed.

Despite the foregoing deficiencies, Plaintiff is proceeding pro se and the deficiencies could potentially be cured by amendment. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citations omitted). Accordingly, the Court recommends that the Complaint be dismissed without prejudice and that Plaintiff should be permitted leave to file a First Amended Complaint. However, due to the dearth of information in the Complaint, the Court recommends that should leave to amend

be granted, such leave should be Plaintiff's **final** opportunity to amend the Complaint. Thus, if the First Amended Complaint is deficient again, dismissal should be without leave to amend.

If the Complaint is dismissed and Plaintiff elects to amend, Plaintiff shall title the amended pleading "First Amended Complaint" and must address the deficiencies noted in this Findings and Recommendation and/or in the district court's Order, as directed by the district court. Failure to cure the deficiencies identified in the district court's Order or failure to timely file an amended pleading that conforms with the district court's Order will result in dismissal of this action. Plaintiff is reminded that if an amended complaint is filed, the original pleading may not be incorporated into the amended pleading and shall no longer serve any function in this case. The Court reminds Plaintiff to state the claims clearly and concisely, but with enough factual allegations to determine from the face of the Complaint that Plaintiff has stated a claim upon which relief can be granted.

B. <u>Application Should be Denied Without Prejudice</u>

The Court may simply deny leave to proceed in forma pauperis at the outset based on the Court's finding that on the face of the Complaint, the action fails to state a claim on which relief may be granted and should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Tripati*, 821 F.2d at 1370; *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). However, because the Court has granted Plaintiff

leave to amend the Complaint, the Court finds it necessary to address the deficiencies in Plaintiff's Application as Plaintiff is required to resubmit an application to proceed in forma pauperis should Plaintiff choose to file a First Amended Complaint.

A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees. 28 U.S.C. § 1915(a)(1); *see Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life"). The litigant "need not be absolutely destitute[,] . . . but must allege poverty with some particularity, definiteness and certainty." *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

In this case, Plaintiff's application is incomplete and/or the information provided is inaccurate. First, question number 1 in the Application requires Plaintiff to state whether Plaintiff is incarcerated. Plaintiff answers that Plaintiff is "being held at: Hostege Kiddnapping [sic]." ECF No. 2 at PageID #: 112. If Plaintiff is indeed incarcerated, Plaintiff must indicate the name of the institution where Plaintiff is incarcerated and may not state "Hostage Kidnapping." Second, Plaintiff's response to question 2 is incomplete. Plaintiff must indicate the "take-

8

home pay or wages" and specify the pay period.  Plaintiff may not omit this information from the Application.  *See id.*  Third, in response to question number 6, Plaintiff states that Plaintiff's monthly expense includes $200 court fees.  Court fees are normally not regular monthly expenses, and if Plaintiff is paying some sort of regular, recurring fee to the Court, Plaintiff must accurately describe such fee.

## **CONCLUSION**

Based on the foregoing, the Court **RECOMMENDS** that the district court **DISMISS** the Complaint without prejudice and **DENY** the Application.  The Court **RECOMMENDS** that Plaintiff be **GRANTED** leave to amend.  If the district court dismisses the Complaint, Plaintiff must timely file an amended complaint as directed by the district court.  If the district court permits, Plaintiff must also either file another application or pay the required filing fee.  Failure to meet the requirements set forth by the district court shall result in an automatic dismissal.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 26, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 22-00369 HG-RT;  *Victoria K Korda vs. State of Hawaii, et al.*; Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed in Forma Pauperis