IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VICTORIA K. KORDA, | ) | Civ. No. 22-00369 HG-RT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, KAUAII | ) | |
| PUBLIC DEFENDERS, KAUAI | ) | |
| CIRCUIT COURT, KAUAI COUNTY | ) | |
| HOUSING AUTHORITY, | ) | |
| UNEMPLOYMENT LABOR DIVISION | ) | |
| OF HAWAII, HAWAII STATE | ) | |
| HOSPITAL, KAUAII POLICE DEPT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND**
**DENY APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 6)**

**ORDER DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL (ECF No. 10)**

On September 26, 2022, the Magistrate Judge filed the Findings and Recommendation (ECF No. 6).  On September 27, 2022, the Findings and Recommendation was served on all parties.

On October 18, 2022, Plaintiff Victoria K. Korda filed a document that the Court construes as an Objection to the Findings and Recommendation (ECF No. 9).

On October 18, 2022, Plaintiff filed a Request to Appoint Counsel (ECF No. 10).

Plaintiff has made two other filings that the Court cannot understand.  On October 18, 2022, Plaintiff filed a document titled "Witheld [sic] Information: State of Hawaii, Hawaii Supreme Court, Office of Displinary Councel [sic]" (ECF No. 11).

On October 21, 2022, Plaintiff filed a document titled "Ex Parte Motion: Request: Address Complaint Change" (ECF No. 12).  The Court will not construe the documents as something that can be filed and processed.

## I    The Court Denies Plaintiff's Objection to the Findings and Recommendation

Hawaii Local Rule of Practice 74.1 permits a party to make a written objection to a Findings and Recommendation within fourteen days after being served with a copy.  The objection must specifically designate the portions of the Findings and Recommendation to which the party objects and the basis for the objection.  L.R. 74.1(a).

The Court liberally construes Plaintiff's pro se Objection. The Objection is a rambling, confusing, bewildering string of words and statements that are completely unintelligible. Plaintiff does not state an understandable objection, present any reasoning in opposition, or point to any part of the Findings and Recommendation as the basis for her objection.

The Court **DENIES** Plaintiff's Objection to the Findings and Recommendation (ECF No. 9).

## II    The Court Adopts the Findings and Recommendation of the Magistrate Judge

Pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.1, the Court **ADOPTS** the Findings

and Recommendation (ECF No. 6) as the opinion and order of this Court.

### III   The Court Denies Plaintiff's Request to Appoint Counsel

To the extent Plaintiff is requesting counsel based on her financial situation, the Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) only under "exceptional circumstances," taking into account the "likelihood of success on the merits" and the "ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations and quotations omitted).

The Court has dismissed Plaintiff's application to proceed in forma pauperis, identifying numerous deficiencies, inaccuracies, and omissions.  The Court has dismissed Plaintiff's Complaint for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii).  Unless an amended complaint is timely filed, the Court is unable to evaluate the likelihood of success on the merits.  Plaintiff does not provide any other information in the Request to Appoint Counsel that presents an extraordinary circumstance.  The Court **DENIES** Plaintiff's Request to Appoint Counsel (ECF No. 10).

### IV   Conclusion

IT IS HEREBY ORDERED AND ADJUDGED that:

1.   The Court **DENIES** Plaintiff's Objection to the Findings and Recommendation (ECF No. 9).

2.   The Court **ADOPTS** the Findings and Recommendation of the Magistrate Judge (ECF No. 6).

3.   The Court **DISMISSES** the Complaint (ECF No. 1) Without Prejudice and **DENIES** the Application to Proceed in Forma Pauperis Without Prejudice (ECF No. 2).

4.   The Court **DENIES** Plaintiff's Request to Appoint Counsel Without Prejudice (ECF No. 10).

5.   The Court **GRANTS** Plaintiff Leave to File a First Amended Complaint no later than **Monday, November 21, 2022,** subject to the requirements and directions set forth in the Findings and Recommendation.

6.   Should Plaintiff file a First Amended Complaint, the Court **DIRECTS** Plaintiff to pay the required filing fee or file another Application to Proceed in Forma Pauperis that complies with the requirements and directions set forth in the Findings and Recommendation.

//

//

//

//

//

//

//

7.   Failure to meet the requirements and directions set forth in
     the Findings and Recommendation shall result in automatic
     dismissal of this action with prejudice and without leave to
     amend.


     IT IS SO ORDERED.

     DATED: October 26, 2022, Honolulu, Hawaii


Helen Gillmor
United States District Judge


Victoria K Korda v. State of Hawaii, Kauaii Public Defenders,
Kauai Circuit Court, Kauai County Housing Authority, Unemployment
Labor Division of Hawaii, Hawaii State Hospital, Kauaii Police
Dept., 22-cv-00369-HG-RT, **Order Granting Magistrate Judge's
Findings and Recommendation to Dismiss Complaint and
Deny Application to Proceed in Forma Pauperis (ECF No. 6); Order
Denying Plaintiff's Request to Appoint Counsel (ECF No. 10)**